UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CORY J. KNOX through**<br>**ARIEL S. PERKINS** | \*<br>\*<br>\* | **CIVIL ACTION NO. 22-1674**<br><br>**SECTION** |
| **PLAINTIFF** | \*<br>\* | **JUDGE** |
| **VERSUS** | \*<br>\* | **MAGISTRATE JUDGE** |
| **NISSAN NORTH AMERICA, LLC** | \*<br>\* | |
| **DEFENDANT** | \* | **A JURY TRIAL IS DEMANDED** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

TO:   The Honorable Judges
of the United States District Court
for the Eastern District of Louisiana

Defendant, Nissan North America, Inc. ("NNA") (incorrectly identified as Nissan North America, LLC), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby files this Notice of Removal of the action entitled "*Cory J. Knox v. Nissan North America, LLC*" Suit No. 827-349, Division "H", on the docket of the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana. In support of its Notice of Removal, NNA respectfully represents that:

## INTRODUCTION

I.

This civil action is a matter over which this Court has original jurisdiction by virtue of 28 U.S.C. § 1332 and is one which may be removed to this Court by NNA under the provisions of 28 U.S.C. § 1441(b). This civil action is among diverse parties who are citizens of different states,

and plaintiff's claims involve an amount in controversy that exceeds $75,000, exclusive of costs and interests.

II.

Cory Knox ("plaintiff") commenced the captioned action against NNA in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, on April 19, 2022. The lawsuit was filed on behalf of plaintiff through his wife, Ariel S. Perkins, by virtue of a military power of attorney as plaintiff was deployed overseas. To the knowledge of NNA, the only substantive pleading filed in the record of the state court proceeding is the Petition. See Petition attached hereto as Exhibit "A."

III.

This action arises out of plaintiff's purchase of a 2021 Nissan Armada, VIN JN8AY2DA7M9372419 (hereinafter referred to as the "subject vehicle"). *Id.* at ¶ 3. Plaintiff claims the total price of the subject vehicle after factory rebates, fees, taxes, and costs was approximately $75,881.14. *Id.*

IV.

Plaintiff alleges that shortly after purchase the subject vehicle started to exhibit electrical problems that have persisted. *Id.* at ¶¶ 4-17. Plaintiff further alleges that the subject vehicle was subject to multiple repairs at independent authorized Nissan dealers on five occasions. *Id.* at ¶ 19.

V.

Plaintiff seeks damages in this case under Louisiana state law, including Louisiana Lemon law, breach of express warranty, unfair trade practices, redhibition, and breach of contract. *Id.* at Opening Paragraph/Preamble of Petition for Damages. Specifically, plaintiff seeks damages for all economic loss, including but not limited to full refund or replacement of the vehicle and other

demonstrable costs associaed with lack of use of the vehicle, all compensatory statutory damages for mental anguish, humiliation, embarrassment, loss of enjoyment of life, and other non-pecuniary damages as may be appropriate, attorney's fees and court costs, interest, rescission of the underlying contract, financiang costs, and any other equitable relief. *Id.* at Prayer for Relief and ¶ 21.

VI.

NNA received service of process on May 10, 2022. See Return Copy attached hereto as Exhibit "B." Pursuant to 28 U.S.C. § 1446(b)(1), a defendant has thirty (30) days from the date that it is served to file a Notice of Removal. Accordingly, the subject Notice of Removal is timely.

**DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. § 1332**

VII.

This Court has original jurisdiction over the instant dispute pursuant to 28 U.S.C. § 1332(a)(1) because this is a civil action where the necessary, indispensable and real parties in interest are citizens of different states, and the amount in controversy exceeds $75,000. Therefore, this matter is removable pursuant to 28 U.S.C. § 1441(a).

VIII.

There is complete diversity of citizenship between plaintiff and NNA. Plaintiff's Petition alleges that this suit is being brought on behalf of Cory Knox by his wife, Ariel Perkins by virtue of a Special Power or Attorney given that Mr. Knox is presently deployed overseas. *See* Exhibit "A" at ¶ 1. Plaintiff states a present domicile in the State of Louisiana. *Id.* For purposes of federal diversity jurisdiction, "citizenship" and "domicile" are synonymous. *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555 (5th Cir. 1985). Thus, for diversity purposes, plaintiff is a citizen of the State of Louisiana. Defendant NNA is a corporation, incorporated in the State of

Delaware and maintaining its principal place of business in the State of Tennessee. Therefore, NNA is considered to be a citizen of Delaware and Tennessee, and NNA is diverse from the Louisiana plaintiff. Accordingly, diversity exists as required by 28 U.S.C. § 1332.

IX.

NNA shows that the amount in controversy in this matter exceeds $75,000, exclusive of interests and costs. In Paragraph 3 of the Petition, plaintiff alleges that the purchase price of the subject vehicle was approximately $75,881.14. Plaintiff then claims that he is entitled to a myriad of damages, including the refund or replacement of the subject vehicle, other economic losses or demonstrable costs associated with lack of use of the subject vehicle, all compensatory and non-pecuniary damages that may be appropriate, attorney's fees and costs, interest, rescission of the underlying sales contract, and any other equitable relief. *Id.* at Prayer for Relief. Plaintiff also alleges that he has suffered a loss of money due to Nissan's unfair and deceptive practices, breaches of warranty, and/or redhibitory products and repairs, including consequential damages such as mental anguish, humiliation, embarrassment, and loss of enjoyment of life. *Id.* at ¶ 21 and Prayer for Relief.

X.

Where "a plaintiff's complaint does not allege a specific amount in damages, a defendant need only prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *Momin v. Maggienoo's Intern, L.L.C*. 205 F. Supp. 2d 506, 509-10 (D. Md. 2002) (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). The amount in controversy is the amount required to satisfy the plaintiff's demands in full on the day the suit was removed. *Oshana v. Coca-Cola Co.,* 472 F.3d 506, 510-11 (7th Cir. 2006) (citing *BEM I, LLC v. Anthropologie, Inc.*, 301 F.3d 548, 552 (7th Cir. 2002)). Once the defendant has established the

required amount in controversy, the plaintiff can defeat jurisdiction "[o]nly if it is 'legally certain' that the recovery… will be less than the jurisdictional floor." *Oshana*, 472 F.3d at 511 (citing *St. Paul Mercury Indem. Co. v. Red Cab. Co.*, 303 U.S. 283, 289 (1939)); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 ("the case stays in federal court unless it is legally certain that the controversy is worth less than the jurisdictional minimum.")

XI.

Plaintiff has not entered binding stipulations limiting any award that might be made, nor has plaintiff provided affidavits waiving any recovery above any ceiling. Thus, plaintiff has not taken the steps to irrevocably limit its potential damage award, which is required in the Fifth Circuit when the damages described facially appear to place a greater amount in controversy. *De Aguilar v. Bowing Co.*, 47 F.3d 1404 (5th Cir. 1995).

XII.

While NNA admits no liability, nor any element of damages, NNA has met its burden of showing that the amount in controversy exceeds the jurisdictional amount required for removal pursuant to 28 U.S.C. §§ 1332 and 1441 given the purchase price alleged and damages sought by plaintiff in his Petition for Damages.

XIII.

For the foregoing reasons, NNA submits that the amount in controversy reasonably exceeds $75,000, and this Court is vested with subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332.

**<u>CONCLUSION</u>**

XIV.

For all the reasons outlined above, this civil action is a matter over which this Court has

original jurisdiction by virtue of 28 U.S.C. § 1332 and is one which may be removed to this Court by NNA under the provisions of 28 U.S.C. §§ 1441(a). The parties have diverse citizenships, and the claims involve an amount in controversy that exceeds $75,000.00, exclusive of costs and interests.

XV.

This removal is made with NNA reserving all rights to assert and plead any and all defenses and objections to the claims presented by plaintiff, including, but not limited to, those defenses specifically enumerated in Rule 12(b) of the Federal Rules of Civil Procedure or as allowed by the Louisiana Code of Civil Procedure in the event the case is remanded.

XVI.

The 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98. Therefore, venue is proper in the Eastern District of Louisiana in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

XVII.

Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition for Damages is attached hereto and marked for identification as Exhibit "A." To the knowledge of NNA, the only substantive pleading filed in the record of the state court proceeding is the Petition for Damages.

XVIII.

Pursuant to 28 U.S.C. § 1446(d), undersigned counsel avers that contemporaneously with the filing hereof, NNA has given notice to all adverse parties whose identities are known, and NNA has filed a copy of this Notice of Removal with the Clerk of the State Court. *See* Notice to State Court and Adverse Party of Filing of Notice of Removal attached hereto as Exhibit "C."

XIX.

No previous application has been made for the relief requested herein.

XX.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

XXI.

NNA requests and is entitled to a trial by jury on all issues herein.

**WHEREFORE**, defendant, Nissan North America, Inc., prays that the above action now pending in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, be removed to this Honorable Court and for a trial by jury of all issues of fact.

Respectfully submitted,

_/s/ Samantha B. Simmons_____
**LANCE B. WILLIAMS** (Bar No. 23373)
**SAMANTHA B. SIMMONS** (Bar No. 37576)
McCRANIE, SISTRUNK, ANZELMO,
 HARDY, McDANIEL & WELCH, LLC
195 Greenbriar Boulevard, Suite 200
Covington, LA 70433
Telephone:   (504) 831-0946
Facsimile:   (800) 977-8810
Email:  lbw@mcsalaw.com
          sbs@mcsalaw.com
***Attorneys for Nissan North America, Inc.***

**CERTIFICATE OF SERVICE**

     I hereby certify that on the 8th day of June, 2022, I electronically filed the foregoing with the Clerk of Court for the Eastern District of Louisiana using the CM/ECF system and notice of this filing will be sent to all counsel of record either by depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery, by e-mail, or by facsimile transmission.

                                   */s/ Samantha B. Simmons*
                                   _____
                                   **SAMANTHA B. SIMMONS**